IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY,

          Plaintiff,

   v.

EDWARD RAPOZA, et al.,

          Defendants.

NO. C06-7427 TEH

ORDER REVISING BRIEFING
AND HEARING SCHEDULE ON
DEFENDANT RICHARD H.S.
PANG, JR.'S MOTION FOR
SUMMARY JUDGMENT

     On April 25, 2007, Defendant Richard H.S. Pang, Jr. ("Pang Jr.") filed a motion for summary judgment or, in the alternative, partial summary judgment in this interpleader case. In that motion, which was noticed for hearing on June 4, 2007, Pang Jr. asserted that Defendant Edward Rapoza was disqualified from taking any of the funds held in interpleader under California Probate Code sections 252 and 254; that Defendants Richard Pang III ("Pang III") and Robin Pang-Maganaris have no claim to the funds in interpleader regardless of whether Rapoza is disqualified; and that Plaintiff Connecticut General Life Insurance Company should be dismissed from this action as a disinterested stakeholder. Rapoza and Pang III are proceeding in this case pro se. All other parties are represented by counsel.

     Under this Court's Civil Local Rule 7-3(a), any opposition to Pang Jr.'s motion was due to be filed by May 14, 2007. Civil Local Rule 7-3(b) provides that any party not opposing Pang Jr.'s motion had to file a statement of non-opposition by the same date. However, the Court received no opposition papers or statements of non-oppositions and therefore directed its courtroom deputy to telephone the parties. To date, the Court has received only a statement of non-opposition from Plaintiff and a statement from Pang III that he opposes Plaintiff's dismissal. Pang III provided no opposition to Pang Jr.'s motion that

1  Pang III has no interest in the funds in interpleader, and Rapoza and Pang-Maganaris filed no
2  opposition or statement of non-opposition whatsoever.

3       This Court could construe the parties' silence as a concession that Pang Jr.'s motion
4  should be granted.  However, as a matter of ensuring due process, particularly in a case such
5  as this one with two parties who are unrepresented by counsel, it will allow the parties one
6  final opportunity to oppose the motion.  Accordingly, IT IS HEREBY ORDERED that:

7       1. The deadline for opposing Pang Jr.'s motion is extended to **Friday, June 15, 2007.**
8  If no opposition is filed and served on the other parties by Rapoza or Pang-Maganaris by that
9  date, then they will be deemed to concede the merits of Pang Jr.'s motion.  Similarly, if Pang
10 III does not file and serve a supplemental opposition by that date, he will be deemed to
11 concede the merits of Pang Jr.'s motion except as to Plaintiff's dismissal.  "Serving" a
12 document means mailing it to all other parties or to their attorney if they have one.

13      2. Pang Jr. may file a reply to any opposition papers, including Pang III's original
14 opposition, on or before **Friday, June 29, 2007.**

15      3. The hearing on Pang Jr.'s motion shall be continued from June 4, 2007, to
16 **Monday, July 23, 2007, at 10:00 AM.**

18 **IT IS SO ORDERED.**

20 Dated:  05/23/07

                        THELTON E. HENDERSON, JUDGE
                        UNITED STATES DISTRICT COURT