IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONNECTICUT GENERAL LIFE INSURANCE COMPANY,

    Plaintiff,

v.

EDWARD RAPOZA, et al.,

    Defendants.

NO. C06-7427 TEH

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RICHARD H.S. PANG, JR.'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on Thursday, July 19, 2007, on Defendant Richard H.S. Pang, Jr.'s ("Pang, Jr.'s") motion for summary judgment or, in the alternative, for summary adjudication. At the hearing, the Court GRANTED IN PART Pang, Jr.'s motion to the extent that it sought discharge of Plaintiff Connecticut General Life Insurance Company ("CGLIC") from this case. The Court further indicated that it was inclined to grant CGLIC's request for attorneys' fees, pending receipt of billing records, which CGLIC submitted on July 24, 2007. The Court took the remainder of Pang, Jr.'s motion under submission. After carefully reviewing the parties' written and oral arguments, the Court now GRANTS IN PART and DENIES IN PART Pang, Jr.'s motion for summary judgment.

**BACKGROUND**

On October 6, 2002, Defendant Eddie Rapoza ("Rapoza") was driving a vehicle in Moss Beach, California, with his pregnant wife, Raye Lynn Rapoza ("Raye"), and their four-year-old daughter, Tehani, as passengers. The vehicle went over a cliff and landed in the ocean. Raye, Tehani, and Raye's unborn child died as a result of the crash, but Rapoza survived.

In May 2005, Rapoza was convicted of one count of first-degree murder and two counts of second-degree murder in San Mateo County Superior Court. Rapoza's appeal of his conviction was argued and submitted to the California Court of Appeal for the First District on June 12, 2007, but it has not yet been adjudicated.

This case is an interpleader action, under 28 U.S.C. § 1335, involving disputed proceeds from Raye's life insurance policy. Plaintiff CGLIC, which issued the policy, has deposited the disputed $297,417.17 into the Court registry. CGLIC named the following potential claimants as Defendants: Rapoza; Raye's sister, Robin Pang-Maganaris ("Pang-Maganaris"); Raye's father, Richard H.S. Pang, Jr. ("Pang, Jr."); and Raye's brother, Richard Pang III ("Pang III").

In her life insurance policy, Raye listed Rapoza and Pang-Maganaris as primary beneficiaries, each to receive 50% of the proceeds, and did not list any contingent beneficiaries. CGLIC paid Pang-Maganaris the 50% of the proceeds designated for her, and those funds are not in dispute. However, because of Rapoza's conviction for killing Raye, the parties dispute who is entitled to receive the 50% designated for Rapoza. California Probate Code section 252 prohibits a person "who feloniously and intentionally kills" an insured to receive any insurance proceeds and provides that the insurance policy "becomes payable as though the killer had predeceased the decedent."

Pang, Jr. has moved for summary judgment that he is entitled to the entire amount of the funds deposited by CGLIC, less attorneys' fees and costs payable to CGLIC. Pang, Jr.'s motion also seeks discharge of CGLIC as a disinterested stakeholder. CGLIC filed a statement of non-opposition. After the other parties failed to file a timely response to the motion, the Court extended the time to respond by approximately thirty days. Both Pang III and Rapoza, who are proceeding without counsel, filed an opposition, but Pang-Maganaris, who is represented by counsel, failed to file any opposition or statement of non-opposition. Pang, Jr. subsequently filed a timely reply. The parties all appeared at the hearing except for Pang-Maganaris, who appeared neither on her own behalf nor through counsel.

2

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* at 322-23. However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the District Court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party meets its initial burden, the opposing party must then "set forth specific facts showing that there is a genuine issue for trial" to defeat the motion. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250.

**DISCUSSION**

**I.     Discharge of Plaintiff Connecticut General Life Insurance Company**

A district court "may discharge the plaintiff from further liability" in "any civil action of interpleader or in the nature of interpleader under section 1335." 28 U.S.C. § 2361. Discharge is proper where the interpleading plaintiff has no interest in the disputed funds. *Sun Life Assurance Co. of Canada v. Estate of Chan*, No. C-03-2205 SC, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003). In this case, because CGLIC is a disinterested stakeholder and has deposited the disputed funds into the Court registry, the Court sees no

3

reason for CGLIC to remain active in this lawsuit. Accordingly, as ordered at the July 19, 2007 hearing, CGLIC is hereby discharged from this case.

CGLIC also claims $7,235.12 in attorneys' fees and costs incurred in bringing the complaint. "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000).

> [T]he proper rule, in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading. But if there is a contest between plaintiff and the interpleaded parties, either as to the correctness of the amount deposited or as to any interest of plaintiff in the fund, the court may not, in the absence of special circumstances, award attorney fees for the services of his attorneys in connection with such contest.

*Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962). The court may order fees to be paid from the disputed funds, by the claimants, or by the losing claimants only. *Sun Life Assurance Co.*, 2003 WL 22227881, at *3.

At the request of the Court, CGLIC submitted billing records to support its claimed fees and costs on July 24, 2007. Upon review of those records, the Court finds the claimed amount to be reasonable and therefore GRANTS CGLIC's request for an award of $7,235.12, to be paid out of the funds deposited in the Court registry for this case.

## II.   Claim by Rapoza

The Court now turns to Pang, Jr.'s arguments regarding whether Rapoza, despite being a named beneficiary, is barred from collecting his share of the insurance proceeds by California Probate Code section 252. As noted above, California Probate Code section 252 prohibits a person "who feloniously and intentionally kills" an insured to receive any insurance proceeds and provides that the insurance policy "becomes payable as though the killer had predeceased the decedent." Under California Probate Code section 254(a), a "final judgment of conviction of felonious and intentional killing is conclusive" in establishing a person's ineligibility under section 252. Where there has been no such final judgment of

4

conviction, "the court may determine by a preponderance of evidence whether the killing was felonious and intentional. . . . The burden of proof is on the party seeking to establish that the killing was felonious and intentional. . . ." Cal. Prob. Code § 254(b).

In this case, Rapoza has already been convicted of murdering Raye. However, because his appeal remains pending, his conviction is not yet final, and this Court must consider whether the killing was "felonious and intentional" using a preponderance of the evidence standard. *Id.* For purposes of summary judgment, the relevant issue is therefore whether there is enough evidence in Rapoza's favor to create a disputed material fact over whether Rapoza killed Raye feloniously and intentionally.

Upon careful review, the Court finds that the record does contain sufficient evidence to create a disputed issue of material fact on this issue. For example, Rapoza claimed that the car crash was an accident. His defense at trial included expert testimony that Rapoza's foot may have gotten stuck between the accelerator and brake pedals, which would have resulted in depressing the accelerator, and that this might have resulted in a panic state of "hypervigilance" that affected Rapoza's ability to react. The idea behind the expert's testimony was that a calm person may have easily corrected the situation, but a panicked driver would not have been able to react in time. Rapoza also presented evidence that painkillers he received may have affected his cognitive function and ability to answer questions while in the hospital, which, if believed, could have discredited Rapoza's statements to police that he had made a bad decision in the spur of the moment and that he hit the accelerator to drive off the cliff. In addition, although ambulance drivers testified that Rapoza called Raye a "cheating bitch" who "had to die," their credibility may have been somewhat undermined because they did not report those statements to law enforcement officials until they were contacted a few weeks before the trial – even though they were accompanied by a deputy sheriff while transporting Rapoza. In short, Pang, Jr. is simply incorrect when he refers to the evidence that the killing was accidental as a "scintilla" that is insufficient to create a material issue of disputed fact as to whether Rapoza feloniously and intentionally killed Raye. While the finder of fact in this case may well ultimately conclude

5

by the preponderance of the evidence that Rapoza did feloniously and intentionally kill Raye – or, similarly, Rapoza's conviction may be affirmed on appeal such that California Probate Code section 254(a) applies and no "preponderance of the evidence" inquiry is necessary – Pang, Jr. has failed to meet his burden at this summary judgment stage of the proceedings. Consequently, the motion is DENIED as it relates to Rapoza's claim to the disputed funds.

### III.    Claims by Pang-Maganaris and Pang III

However, even if Rapoza is barred by statute from taking any of the insurance proceeds because he intentionally and feloniously killed Raye, Defendants Pang-Maganaris and Pang III lack any legal claim to the disputed funds. Raye's insurance policy provides that "[a]ny amount of an Insured's Death Benefit for which there is no designated or surviving beneficiary will be paid to the Owner or to the executors or administrators of the Owner's estate." Ex. 6 to Ching Decl. at CG 050. Under this clause, if Rapoza is deemed to have predeceased Raye, as would be required if California Probate Code section 252 applies, then the 50% designated for his benefit in the policy would be paid to Raye's estate. It is undisputed that Raye died intestate and that she has no surviving children. Thus, under California Probate Code section 6402(b), the insurance proceeds designated for Rapoza would pass to Pang, Jr., Raye's only surviving parent. As Raye's siblings, Pang III and Pang-Maganaris would only receive the proceeds if Raye was not survived by either parent. Cal. Prob. Code § 6402(c). Thus, regardless of whether Rapoza is entitled to receive the disputed funds, Pang III and Pang-Maganaris have no claim. The money either goes to Rapoza because California Probate Code section 252 does not apply, or it goes to Pang, Jr. under California Probate Code section 6402.[1] Accordingly, the Court GRANTS Pang, Jr.'s motion for summary judgment to the extent that it was brought against Defendants Pang III and Pang-Maganaris.

---

[1] Even if all of the allegations raised by Pang III in his opposition were true, they would not undermine the validity of Raye's designation of Rapoza as a beneficiary of her life insurance policy. Nor would they override the statutory provisions of California Probate Code section 6402.

6

In addition, the Court finds that Pang-Maganaris has abandoned her claim, and her failure to pursue her claim presents an independent reason for her dismissal from this case. Although Pang-Maganaris's counsel filed an answer to the complaint on February 14, 2007, he failed to file an opposition to Pang, Jr.'s motion by the original May 14, 2007 deadline. Nor did counsel file an opposition after the Court extended the deadline to June 15, 2007, despite the Court's admonition in its May 23, 2007 order that any party who failed to file an opposition would be "deemed to concede the merits of Pang Jr.'s motion." In addition, counsel did not return any of this Court's telephone calls asking about this case, nor did he appear for the July 19, 2007 motion hearing.

**CONCLUSION**

For all of the above reasons, the Court GRANTS IN PART and DENIES IN PART Defendant Richard H.S. Pang, Jr.'s motion for summary judgment, as follows:

1. The motion is DENIED as to Defendant Eddie Rapoza.

2. The motion is GRANTED as to Defendants Richard Pang III and Robin Pang-Maganaris.

3. The motion to discharge Plaintiff CGLIC from this case is GRANTED. CGLIC's request for attorneys' fees and costs, payable from the funds on deposit in the Court registry for this case, is also GRANTED. The Clerk shall mail a check in the amount of $7,235.12, made payable to "Connecticut General Life Insurance Company," to CGLIC's counsel of record.

**IT IS SO ORDERED.**

Dated: 07/25/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT