IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD RAPOZA, et al.,<br><br>Defendants. | NO. C06-7427 TEH<br><br>ORDER GRANTING DEFENDANT RICHARD H.S. PANG, JR.'S RENEWED MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Richard H.S. Pang, Jr.'s renewed motion for summary judgment, filed on December 10, 2007, and noticed for hearing on January 14, 2008. After carefully reviewing the parties' papers,[1] the record in this case, and governing law, the Court concluded that oral argument was unnecessary and vacated the hearing date on January 10, 2008. For the reasons discussed below, the Court now GRANTS Pang, Jr.'s motion and directs the Clerk to enter judgment and close the file.

**BACKGROUND**

The Court has previously summarized the factual and early procedural history of this case:

> On October 6, 2002, Defendant Eddie Rapoza ("Rapoza") was driving a vehicle in Moss Beach, California, with his pregnant wife, Raye Lynn Rapoza ("Raye"), and their four-year-old daughter, Tehani, as passengers. The vehicle went over a cliff

---

[1] Defendant Edward Rapoza, the only party besides Pang, Jr. remaining in this case, failed to file any opposition to Pang, Jr.'s motion. Rapoza did, however, send the Court a letter, dated December 13, 2007, repeating his assertion of innocence and expressing his "disgust[] with the judicial system," where "fraud, perjury, forgery, and dishonesty are prevalent."

> and landed in the ocean. Raye, Tehani, and Raye's unborn child died as a result of the crash, but Rapoza survived.
>
> In May 2005, Rapoza was convicted of one count of first-degree murder and two counts of second-degree murder in San Mateo County Superior Court. Rapoza's appeal of his conviction was argued and submitted to the California Court of Appeal for the First District on June 12, 2007. . . .
>
> This case is an interpleader action, under 28 U.S.C. § 1335, involving disputed proceeds from Raye's life insurance policy. Plaintiff CGLIC [Connecticut General Life Insurance Company], which issued the policy, has deposited the disputed $297,417.17 into the Court registry. CGLIC named the following potential claimants as Defendants: Rapoza; Raye's sister, Robin Pang-Maganaris ("Pang-Maganaris"); Raye's father, Richard H.S. Pang, Jr. ("Pang, Jr."); and Raye's brother, Richard Pang III ("Pang III").
>
> In her life insurance policy, Raye listed Rapoza and Pang-Maganaris as primary beneficiaries, each to receive 50% of the proceeds, and did not list any contingent beneficiaries. CGLIC paid Pang-Maganaris the 50% of the proceeds designated for her, and those funds are not in dispute. However, because of Rapoza's conviction for killing Raye, the parties dispute who is entitled to receive the 50% designated for Rapoza. California Probate Code section 252 prohibits a person "who feloniously and intentionally kills" an insured to receive any insurance proceeds and provides that the insurance policy "becomes payable as though the killer had predeceased the decedent."

July 25, 2007 Order Granting in Part & Denying in Part Def. Richard H.S. Pang, Jr.'s Mot. for Summ. J. at 1-2.

Pang, Jr. originally moved for summary judgment on April 25, 2007, and the Court heard oral argument on the motion on July 19, 2007. In its July 25, 2007order ruling on Pang, Jr.'s motion, the Court dismissed CGLIC as a disinterested stakeholder and granted CGLIC's request for $7,235.12 in attorneys' fees and costs to be paid out of the funds deposited in the Court registry for this case. The Court further found that disputed material facts prevented summary judgment against Rapoza. However, the Court determined that Pang III and Pang-Maganaris had no valid claim to the disputed funds, leaving Pang, Jr. and Rapoza as the only two possible claimants to the disputed insurance proceeds.

On December 10, 2007, Pang, Jr. filed a renewed motion for summary judgment based on a change in factual circumstances. Since the time of the Court's denial of

2

Pang, Jr.'s first motion for summary judgment, the California Court of Appeal, First Appellate District, Division 4, affirmed Rapoza's conviction on August 10, 2007. Ching Decl. Ex. 1. The Court of Appeal denied Rapoza's petition for rehearing on September 5, 2007, *id.* Ex. 2, and the California Supreme Court denied Rapoza's petition for review on November 14, 2007, *id.* Ex. 3. On December 5, 2007, the Court of Appeal issued a remittitur certifying that the court's August 10, 2007 opinion "has now become final." *Id.* Ex. 4.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* at 322-23. However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the District Court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party meets its initial burden, the opposing party must then "set forth specific facts showing that there is a genuine issue for trial" to defeat the motion. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250.

**DISCUSSION**

As this Court explained in its ruling on Pang, Jr.'s first motion for summary judgment:

> California Probate Code section 252 prohibits a person "who feloniously and intentionally kills" an insured to receive any insurance proceeds and provides that the insurance policy "becomes payable as though the killer had predeceased the decedent." Under California Probate Code section 254(a), a "final judgment of conviction of felonious and intentional killing is conclusive" in establishing a person's ineligibility under section 252. Where there has been no such final judgment of conviction, "the court may determine by a preponderance of evidence whether the killing was felonious and intentional. . . . The burden of proof is on the party seeking to establish that the killing was felonious and intentional. . . ." Cal. Prob. Code § 254(b).

July 25, 2007 Order at 4-5. At the time of the Court's ruling on Pang, Jr.'s original motion for summary judgment, Rapoza's criminal conviction for Raye's murder was pending on appeal. Consequently, the Court applied a preponderance of the evidence standard and found that Pang, Jr. had failed to demonstrate a lack of material disputed facts under that standard. The Court therefore denied Pang, Jr.'s motion for summary judgment against Rapoza.

However, Rapoza's criminal conviction is now no longer on appeal. The California Court of Appeal affirmed Rapoza's conviction, and the California Supreme Court denied review. Rapoza's time for filing a petition for a writ of certiorari from the United States Supreme Court has also now expired. Sup. Ct. R. 13 (where, as here, review is sought of a lower state court judgment subject to discretionary review by the state court of last resort, a petition for a writ of certiorari is timely when filed within 90 days after entry of the order denying discretionary review). Thus, despite Rapoza's continued assertions of innocence, his conviction is now final. *Compare In re Peterson*, 156 Cal. App. 4th 676, 684-86 (2007) (holding that the term "final judgment of conviction" in California Probate Code section 254(a) does not include a conviction pending on appeal).

Under the clear language of California Probate Code section 254(a), the final judgment of Rapoza's conviction is "conclusive," and no further inquiry as to whether Rapoza committed a "felonious and intentional killing" under the preponderance of the evidence standard is necessary. Cal. Prob. Code § 254. Pursuant to California Probate Code

section 252, Raye's life insurance policy thus "becomes payable as though the killer [Rapoza] had predeceased the decedent [Raye]."

As this Court explained in its ruling on Pang, Jr.'s original motion for summary judgment:

> Raye's insurance policy provides that "[a]ny amount of an Insured's Death Benefit for which there is no designated or surviving beneficiary will be paid to the Owner or to the executors or administrators of the Owner's estate." Ex. 6 to Ching Decl. at CG 050. Under this clause, if Rapoza is deemed to have predeceased Raye, as would be required if California Probate Code section 252 applies, then the 50% designated for his benefit in the policy would be paid to Raye's estate. It is undisputed that Raye died intestate and that she has no surviving children. Thus, under California Probate Code section 6402(b), the insurance proceeds designated for Rapoza would pass to Pang, Jr., Raye's only surviving parent.

July 25, 2007 Order at 6. Because California Probate Code section 252 now indisputably applies to this case, summary judgment in favor of Pang, Jr. is proper.

**CONCLUSION**

For the above reasons, IT IS HEREBY ORDERED that Defendant Richard H.S. Pang, Jr.'s renewed motion for summary judgment is GRANTED. The Clerk shall disburse the remaining funds in the Court registry for this case, including any accrued interest, to Pang, Jr. In addition, the Clerk shall enter judgment and close the file.

Before Pang, Jr. can receive his disbursement, his counsel must send a fax to the Court's finance department, at (415) 522-4103, that includes Pang, Jr.'s taxpayer identification or Social Security number, as well as the address to which the disbursement should be sent. The fax shall reference this case by both case name and case number.

**IT IS SO ORDERED.**

Dated: 02/26/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5